In the Matter of A. K. Electric Corp., Debtor.

A. K. ELECTRIC CORP., Appellee,

v.

The CITY OF NEW YORK, Appellant.

No. 590, Docket 73–2277.

United States Court of Appeals, Second Circuit.

Argued Feb. 28, 1974.

Decided April 5, 1974.

S. A. Hauptman, Brooklyn, N. Y. (Hauptman & Hauptman, Brooklyn, N. Y., on the brief), for appellee.

Samuel J. Warms, New York City (Adrian P. Burke, Corp. Counsel, City of New York, Cornelius F. Roche, Louis Pollack, New York City, of counsel), for appellant.

Before KAUFMAN, Chief Judge, and FEINBERG and MULLIGAN, Circuit Judges.

PER CURIAM:

The debtor, A. K. Electric Corp., filed a petition in the United States District Court, Eastern District of New York, on August 4, 1971 for an arrangement with creditors under Chapter XI of the Bankruptcy Act. The City of New York filed its proof of claim on November 2, 1971 for estimated excise and income tax deficiencies in the sum of $2,200. During an examination of the debtor's books, a City auditor discovered that in 1966 the debtor had realized net income of $105,287.22, which it had failed to report on its general corporation tax return for 1966, thus avoiding a tax of $5,293.97 on which interest of $1,402.91 had accrued. The City thereupon, on September 1, 1972, filed an amended proof of claim including the 1966 corporation tax deficiency plus interest. The debtor successfully petitioned the Bankruptcy Court for an order expunging the additional tax claim. The Referee's order of March 19, 1973 expunging the claim in question relied on two grounds: (1) the "amended" proof of claim was in reality a "new" claim filed more than six months after the date of the first meeting of creditors and was therefore time barred under Section 57(n) of the Bankruptcy Act (11 U.S.C. § 93(n)); and (2) the general corporation tax became due and payable more than three years before the debtor filed its petition, and therefore it was discharged pursuant to Section 17(a)(1) of the Bankruptcy Act (11 U.S.C. § 35(a)(1)). The order of the Referee was affirmed by the United States District Court, Eastern District of New York, Hon. Mark A. Costantino, in a decision and order dated June 29, 1973, and by order dated July 16, 1973. The City appeals from these orders. The orders appealed from are reversed and the matter is remanded to the Bankruptcy Court for a hearing to determine the dischargeability of the 1966 general corporation tax due the City.

The District Court, in its affirmance, assumed arguendo that the City had a valid claim for corporate taxes, despite the three-year limitation of Section 17(a)(1), because of the debtor's fraud, but held that the claim was barred in any event by Section 57(n) of the Bankruptcy Act. The difficulty with this position, as the appellee candidly admitted on this appeal, is that Section 57(n) is not applicable. That

Section does provide that, with certain exceptions, claims not filed within six months after the first date set for the initial meeting of creditors cannot be allowed. The Section, however, applies to ordinary bankruptcy proceedings under Chapters I through VII of the Act, but does not apply to an arrangement under Chapter XI. 9 Collier on Bankruptcy ¶ 7.09 [1] (14th ed. 1940). Section 57(n) does not textually mention Chapter XI proceedings and in its opening phrase states "Except as otherwise provided in this Act." Chapter XI in Section 355 (11 U.S.C. § 755a) clearly provides otherwise: It expressly states that proofs of claim may be filed "before confirmation." The City's amended claim here, dated September 1, 1972, was concededly filed before any plan of arrangement had been confirmed. Indeed, no plan had as yet been confirmed when the briefs in this case were filed in January, 1974. Whether the claim be termed an "amended" or "new" claim is therefore immaterial.

■ Since the Court below affirmed the Referee on a point which is not sustainable, we will consider the second ground in the Referee's opinion which the District Court did not consider on the merits. The Referee also justified the expunging of the City tax claim on Section 17(a)(1), which provides a discharge if the taxes were due and owing more than three years preceding the bankruptcy.* Section 17(a)(1)(d), however, makes an exception which excludes from a discharge taxes "with respect to which the bankrupt made a false or fraudulent return, or willfully attempted in any manner to evade or defeat." The City urged in the Bankruptcy Court that the 1966 general corporation tax return filed by the debtor was false or fraudulent and that the debtor willfully attempted to evade or defeat the tax. During the argument before the Bankruptcy Court, the Referee indicated that he did not have to hold a hearing or trial on the City's claim that a false or fraudulent return was filed here because the City had not complied with Section 17(c)(2) of the Act. This was a clearly erroneous ruling.

Section 17(c)(2) requires a creditor, who asserts that a claim is nondischargeable "under clauses (2), (4), or (8) of subdivision (a) of [Section 17]," to file his application for a determination of dischargeability within the time fixed by the court pursuant to Section 14(b)(1) of the Act. Section 14(b)(1) requires the court to fix a time for the filing of objections. Not only did the Referee below fix no time but in any event Section 17(c)(2) on its face is not here applicable. It applies only to debts claimed to be nondischargeable under clauses (2), (4) or (8). The debt claimed by the City falls under clause (1)(d) of Section 17(a).

■ The debtor on this appeal does not dispute this reading of the statute but simply urges that the parties "explicitly and implicitly" agreed to submit the issue here to the Bankruptcy Court without a hearing. We find no support at all for this position in the record. Believing the tax claim time barred, the Referee did not provide the City with any opportunity to establish its claim. In view of the allegations of falsity, fraud and willful evasion made by the City, a hearing upon notice should be conducted by the Bankruptcy Court so that the dischargeability of the tax in dispute can be determined.

Reversed and remanded.

---

* Section 17 is made applicable to Chapter XI proceedings by the express language of Section 371 (11 U.S.C. § 771). 9 Collier on Bankruptcy ¶ 9.32 [7], at 398 (14th ed. 1940).